UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRACY YOUNGBLOOD-MCDANIEL,
and ENDPOINT CAPITAL, LLC,

    Plaintiffs,

v.                                                   Case No. 8:24-cv-700-TPB-UAM

DIAGNOSTIC BIOSCIENCE
LABORATORIES, LLC,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This cause comes before the Court upon Plaintiffs Tracey Youngblood-McDaniel and Endpoint Capital, LLC's Motion for Default Judgment ("Motion"). Pursuant to Federal Rule of Civil Procedure 55, Plaintiffs seek default judgment against Defendant Diagnostic Bioscience Laboratories, LLC based upon Defendant's failure to answer the Complaint. For the reasons set forth below, it is recommended Plaintiffs' Motion be granted.

**I.    Background**

This case arises from an alleged breach of contract. (Doc. 1, ¶ 1). Plaintiff Tracey Youngblood-McDaniel is an individual who is a citizen of the State of Georgia, and resides at 7369 Lazy Hammock Way, Flowery Branch, Georgia 30542. (Doc. 1, ¶ 2). Plaintiff Endpoint Capital, LLC ("Endpoint") is a limited liability company organized under the laws of the State of Florida. Endpoint's sole

member is Plaintiff Tracy Youngblood-McDaniel. (Doc. 1, ¶ 3). Defendant Diagnostic Bioscience Laboratories, LLC ("DBS"), is a limited liability company organized under the laws of the State of Delaware. Upon information and belief, DBS's sole member is Nathan Hawkins, who is a citizen of the State of Florida and who resides at 5339 W. Lake Butler Road, Windermere, Florida 34786. (Doc. 1, ¶ 4).

On March 20, 2024, Plaintiffs filed their Complaint against Defendant seeking monetary damages for breach of contract. In their Complaint, Plaintiffs allege that they entered into a contract with Defendant wherein Plaintiffs agreed to sell their membership interests in two entities - Reliant Scientific, LLC, a Florida limited liability company and Reliant Scientific, LLC, a Georgia limited liability company. (Doc. 1, ¶ 9). In exchange, Defendant was to pay Plaintiffs $475,000 through a series of installments. (Doc. 1, ¶¶ 13-14). However, Plaintiffs maintain that after both parties executed the contract, Defendant failed to make a single payment. (Doc. 1, ¶ 47). Plaintiffs thus filed the instant action seeking the total sum of the missed payments to date. (Doc. 1, ¶ 51).

As of the date of this filing, Defendant has not appeared or otherwise filed a responsive pleading. On April 30, 2024, Plaintiffs filed a Motion for Entry of Default, requesting the Clerk enter a default against Defendant due to Defendant's failure to plead or otherwise defend. (Doc. 9). On May 1, 2024, the Clerk entered default against Defendant. (Doc. 11). On May 20, 2024, Plaintiffs filed a Motion

for Default Judgment, requesting $118,938.00 in damages and $554.00 in costs. (Doc. 13).

## II.     Legal Standard

"When a defendant has failed to plead or defend, a district court may enter judgment by default." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015) (citing Fed. R. Civ. P. 55(b)(2)). Before entering default judgment, the court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations in the complaint, which are assumed to be true, adequately state a claim for which relief may be granted. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").[1] Because the defendant is deemed to admit the plaintiff's well-pleaded allegations of fact following entry of a default under Rule 55(a), the court must ensure that the well-pleaded allegations in the complaint actually state a substantive cause of action and that a substantive, sufficient basis exists in the pleadings for the particular relief sought. *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (citation omitted).[2] If the allegations in the complaint, accepted as true, establish the defaulted defendant's liability, then the court should enter judgment against them.

---

[1] The Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[2] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

3

*See generally Chanel, Inc. v. besumart.com*, 240 F. Supp. 3d 1283, 1288–89 (S.D. Fla. 2016).

Courts assess pleadings in conjunction with a default judgment by a standard "akin to that necessary to survive a motion to dismiss for failure to state a claim." *Surtain*, 789 F.3d at 1245 (citation omitted). That is, a court may enter a default judgment only where a pleading contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). At all times, the decision to enter a default judgment remains within the court's discretion. *Hamm v. Dekalb County*, 774 F.2d 1567, 1576 (11th Cir. 1985).

If the plaintiff is entitled to default judgment, then the court must consider whether the plaintiff is also entitled to the relief requested. Notably, allegations regarding the amount of damages are not admitted by virtue of default. *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008) (citation omitted). Rather, the plaintiff bears the burden to demonstrate the amount of damages it contends the court should award, and the court determines the amount and character of damages to be awarded. *Id.* Though the court may hold an evidentiary hearing to determine an appropriate amount of damages, it is not required to do so, especially where, as here, the essential evidence is of record. *See Tara Prods., Inc. v. Hollywood Gadgets,*

*Inc.*, 449 F. App'x 908, 911–12 (11th Cir. 2011) (noting that, when considering when to enter or effectuate a default judgment, the court maintains discretion regarding whether to conduct an evidentiary hearing to determine the amount of damages); *S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone. . . . We have held that no such hearing is required where all essential evidence is already of record."); *Wallace*, 247 F.R.D. at 681 ("If a default judgment is warranted, the Court may hold a hearing for purposes of assessing damages. . . . However, a hearing is not necessary if sufficient evidence is submitted to support the request for damages."); *see also* Fed. R. Civ. P. 55(b)(2). Notwithstanding, a court must assure that a legitimate basis exists for any damage award it enters. *See Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003).

## III. Discussion

Upon review of the filings, and for the reasons stated below, it is recommended that the judgement, including fees and costs, be entered against Defendant.

### A. Subject Matter Jurisdiction and Personal Jurisdiction

As a preliminary matter, this Court retains subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interests and costs. (Doc.1, ¶¶ 1-3). This Court must also ensure it has personal jurisdiction over the defaulting defendant. *Proescher v. Sec. Collection Agency*, No. 3:17-CV-1052-J-32PDB,

2018 WL 3432737, at *6 (M.D. Fla. June 8, 2018), *report and recommendation adopted*, No. 3:17-CV-1052-J-32PDB, 2018 WL 3428157 (M.D. Fla. July 16, 2018).

For a federal court to have personal jurisdiction over a nonresident defendant, the forum state's long-arm statute must reach the defendant and the defendant must have sufficient contacts with the forum state such that exercising jurisdiction would not offend due process. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013). Here, by claiming that Defendant transacts business in the District and that the defending LLC's sole member resides in Windermere, Florida, (Doc. 1, ¶ 6), it appears that Plaintiffs allege personal jurisdiction is proper under Florida's long-arm statute. *See* Fla. Stat. § 48.193 (stating that any person "[o]perating, conducting, engaging in, or carrying on a business or business venture in this state" subjects himself or herself to the jurisdiction of the state). Plaintiffs' Complaint and Motion for Default Judgment reveal well-pleaded factual allegations showing that Defendant engaged in business in Florida. (Doc. 1, ¶¶ 2-6; Doc. 1-2; Doc. 9). Therefore, Court finds that the exercise of personal jurisdiction over Defendant would be appropriate in this matter.

### B.   Proper Service of Process

Furthermore, in seeking a default judgment, Plaintiffs bear the burden of establishing proper service of the Complaint. *See Rajotte v. Fabco Metal Prod., LLC*, No. 6:12-cv-372-ORL-28, 2012 WL 6765731, at *2 (M.D. Fla. Dec. 13, 2012), *report and recommendation adopted,* No. 6:12-cv-372-ORL-28, 2013 WL 57722 (M.D. Fla. Jan. 4, 2013) (denying motion for default judgment without prejudice due to

improper service). Even if a defaulting defendant has actual notice of the action, "[i]nsufficient or improper service cannot support the entry of a default judgment." *Opella v. Rullan*, No. 10-civ-21134, 2011 WL 2600707, at *4 (S.D. Fla. June 29, 2011), *report and recommendation adopted,* No. 10-civ-21134, 2011 WL 13220496 (S.D. Fla. Aug. 9, 2011) (citing *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007)); *see Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of such service (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant."). Here, Plaintiffs served Defendant's Registered Agent on April 5, 2024, and filed proof of the service with the Court on April 10, 2024. (Doc. 8). Defendant failed to file an Answer to Plaintiffs' Complaint or otherwise make an appearance on the record. As more than 21 days have passed since service was completed, a clerk's default was properly entered against Defendant. (Doc. 10).

### C.     Liability and Damages

As a result of Defendant's default in this action, Plaintiffs' well-pled allegations in their Complaint are deemed to be admitted. Accordingly, Plaintiffs now move for entry of default judgement on their breach of contract claim.

#### 1.     Liability

To evaluate Plaintiffs' claim, the proper law to be applied must first be established. A federal court exercising diversity jurisdiction, such as in this matter, applies the forum state's choice-of-law rules. *Boardman Petroleum, Inc. v. Federated Mut. Ins. Co.*, 135 F.3d 750, 752 (11th Cir. 1998). Florida courts generally enforce

7

contractual choice-of-law provisions unless the chosen forum's law contravenes strong public policy. *Kasparov v. Schnorenberg*, Case No. 3:15-cv-1093-J-32PDB, 2016 WL 8846261, at *8 (M.D. Fla. Aug. 16, 2016) (citing *Mazzoni Farms, Inc. v. E.I. DuPont De Nemours and Co.*, 761 So. 2d 306, 311 (Fla. 2000)). Here, the agreement between the parties explicitly provides that the agreement "shall be governed by and construed in accordance with the internal laws of the state of Florida, without giving effect to any choice or conflict of law provision or rule." (Doc 1-2 at p. 7, Section 6.11). Therefore, to the extent the two parties were in privity of contract as discussed below, Florida law governs the agreement.

"To succeed on a claim for breach of contract under Florida law, a plaintiff must establish: (1) a valid contract, (2) a material breach, and (3) damages resulting from the breach." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009). As to the existence of a contract, Plaintiffs allege that the three parties entered into agreement (referred to as "MIPA") on September 15, 2023. (Doc. 1, ¶ 8; Doc. 1-2). Under the agreement, Plaintiffs each agreed to sell 35% of their shares in Reliant Scientific, LLC to Defendant in exchange for $475,750.00 to be paid at or before a 21-month period in minimum monthly payments of $19,823.00. (Doc. 1-2 at pp. 1, 22). Plaintiffs have provided the Court with a copy of the MIPA, executed by Plaintiffs and Defendant. (Doc. 1-2). Plaintiffs allege that Defendant has not made any of the required monthly payments, spanning from December 1, 2023, to date (Doc. 1, ¶¶ 48, 51). Thus, Plaintiffs have established that Defendant materially

breached the agreement by failing to make the monthly minimum payments and is entitled to damages.

In a breach of contract action, compensatory damages are designed to put the nonbreaching party in this position it would have been had performance occurred. *Mnemonics, Inc. v. Max Davis Assocs., Inc.*, 808 So. 2d 1278, 1280 (Fla. 5th DCA 2002). In this instance, Plaintiffs have established that had Defendant properly performed under the contract, it would have received monthly payments in the amount of $19,823 from December 2023 through May 2024, totaling $118,938. (Doc. 8, ¶¶ 10-18). Thus, Plaintiffs are entitled to same.

### 2. Costs[3]

Plaintiffs also seek $504.00 in costs comprised of the $405.00 fee for the filing of the Complaint in this action and the $149.00 fee for service of process on Defendant. Under Rule 54, a prevailing party is entitled to an award of costs unless the court otherwise directs. Fed. R. Civ. P. 54(d). Both the filing fee and service of process fees requested by Plaintiffs in this action constitute taxable costs pursuant to 28 U.S.C. § 1920. However, in *EEOC v. W&O Inc.*, the Eleventh Circuit held that a court may tax private process servers' fees as costs, provided that their rates do not exceed the cost of having the U.S. Marshals Service effectuate service. 213 F.3d 600, 623–24 (11th Cir. 2000). The fee for process served or executed by the U.S. Marshals Service is $65 per hour. 28 C.F.R. § 0.114(a)(3). Here, Plaintiffs request $149.00 for

---

[3] The Court is cognizant that Local Rule 7.01 prescribes a bifurcated procedure for the determination of costs post-judgment. However, in the interest of judicial economy, the Court will address both entitlement and amount in its Recommendation.

engagement of a private process server but the documentation submitted by Plaintiffs does not detail the server's hourly rate or the time expended to effectuate service. (*See* Doc. 12-1). Accordingly, the Court will limit the amount awarded for service upon Defendant to $65, the amount charged by the U.S. Marshals Service to effectuate service. *See Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-557-T-27EAJ, 2015 WL 12839237, at *8 (M.D. Fla. June 10, 2015) *report and recommendation adopted*, No. 8:12-CV-557-T-27EAJ, 2016 WL 355490 (M.D. Fla. Jan. 29, 2016) ("[W]hen the documentation from a private process server does not indicate the time expended to effectuate service or does not indicate the additional costs incurred by the private process server, courts limit recovery to the hourly rate charged by the U.S. Marshal for service."). Therefore, Plaintiff is entitled to $470 in costs.

**IV.   Conclusion**

Accordingly, it is hereby

>   RECOMMENDED:
>
>   1.   Plaintiff's Motion for Default Judgment against Defendant be GRANTED.
>
>   2.   A default judgment as to Count I be entered against Defendant in the amount of $118,938.00.
>
>   3.   Plaintiff shall be awarded $470.00 in costs.

IT IS SO REPORTED in Tampa, Florida, this 11th day of July 2024.

*[signature]*

ANTHONY E. PORCELLI
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). **Should the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.**

cc:   Hon. Thomas P. Barber
       Counsel of Record